UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)          Date: January 5, 2015
Title:    Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on four related motions, two filed by Defendants John P. Calamos, Sr. and Calim Private Equity LLC ("CALIM"), and two filed by Patrick Imeson. (Docket Nos. 26-29). The Calamos Defendants and Imeson both filed a motion to strike and a motion to dismiss. Plaintiff Palmdale 3D, LLC ("Palmdale") filed a Consolidated Opposition to Defendants' Motion To Strike "SLAPP" Action Under Code of Civil Procedure §425.16; and Dismiss Second Amended Complaint Pursuant to Rule 12(B)(6) (the "Opposition") on December 15, 2014. (Docket No. 31). Defendants CALIM and Calamos filed a Reply Memorandum on December 22, 2014. (Docket No. 36). Imeson filed his own Reply Memorandum on December 22, 2014. (Docket No. 37).

The Court held a hearing on the matter on January 5, 2015. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** the Motions. The Court **GRANTS** Defendants' Motions to Dismiss as to Palmdale's first claim for fraud and Palmdale's claims for conversion, common counts, and alter ego liability. The Court **DENIES** the Anti-SLAAP Motions. The Court **DENIES** Defendants' Motions as to Palmdale's fraudulent conveyance claim.

**Background**

This action arises out of a dispute over a guaranty for a loan issued in 2007 and Palmdale's attempts to collect on that loan.

---
**CIVIL MINUTES—GENERAL**                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)           Date: January 5, 2015
Title:    Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

In 2007, Black Diamond Financing, LLC, entered into a loan agreement with Apex Investment Fund, Ltd. Global VR was also a party to the loan agreement. The loan agreement was guaranteed by Defendant CALIM as well as by Calim Bridge Partners I, LLC, Calim Bridge Partners II, LLC, Calim Venture Partners I, LLC, and Calim Venture Partners II, LLC. Apex then assigned the loan agreement to Palmdale.

On April 1, 2009, Palmdale filed an action in Los Angeles Superior Court, Case No. SC102413 (the "State Court Action"), against the aforementioned entities to collect on the loan agreement. CALIM, however, was dismissed from the action when it signed a new guaranty (the "New Guaranty"), executed on June 26, 2009. (Second Amended Complaint, Ex. A, Docket No. 20-3). A Stipulation for Entry of Judgment upon Default was executed and filed for the remaining defendants on July 10, 2009 (the "Stipulation"); the Stipulation provided for entry of judgment if the non-CALIM defendants defaulted on their obligation to pay Palmdale $1,331,936 plus interest as agreed to in the Stipulation. (Second Amended Complaint, Ex. B, Docket 20-2).

The New Guaranty provided that CALIM would be responsible for the underlying debt and judgment in the State Court Action if the following conditions occurred:

a) An event of default under the Agreement occurs . . . and the Default continues and remains unpaid for a period of fourteen calendar days after written notice by [Palmdale]. . .

b) The Default continues and remains uncured for an additional period of seven calendar days after written notice by [Palmdale] to CALIM . . . and

c) [Palmdale] files the Stipulation for Entry of Judgment against the Obligors and undertakes reasonable collection efforts against the Obligors, including, without limitation, obtaining court orders relating to the collection thereof, prior to seeking to enforce this Guaranty.

(Guaranty ¶ 14).

---

**CIVIL MINUTES—GENERAL**                                                    2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)                Date: January 5, 2015
Title:    Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

    The defendants (other than CALIM) in the State Court Action defaulted under the Stipulation; judgment was therefore entered against them on February 2, 2010. Palmdale's efforts to enforce the judgment proved futile and Palmdale obtained an uncontested judgment against CALIM pursuant to the New Guaranty on November 25, 2011, in the amount of $1,692,581.54 (the "CALIM Judgment"). (SAC ¶ 9; Ex. C, (Docket No. 20-3)). Defendants do not dispute these facts.

    In its SAC, Palmdale alleges that Imeson, as co-owner with Calamos of CALIM, made oral promises that CALIM would pay what was owed in full both before and after the entry of the CALIM Judgment. (SAC ¶ 9). As alleged by Palmdale, Calamos is the sole voting member of CALIM. (SAC ¶ 11). Calamos installed Ajax, LLC, an entity he owns and which is managed by a long-time employee of his, as managing member of CALIM. (SAC ¶ 10).

    Palmdale further alleges that CALIM has never been able to satisfy the original guaranty, the New Guaranty or any portion of the judgment, but that this information was deliberately and fraudulently kept from Palmdale. Palmdale has learnt that CALIM's only source of income was profits derived from Global VR, one of the parties to the loan agreement and since 2007, Global VR has failed to make any profit and has never been able to independently satisfy the State Court Action judgment or provide funds to CALIM to satisfy the New Guaranty. Palmdale, also alleges, however, that between January 2011 and December 2013, CALIM distributed to Imeson and Calamos a total of $1,442,486. (SAC ¶ 11).

    Palmdale filed the present action on September 26, 2014, and the operative complaint, the SAC, on October 28, 2014. In the SAC, Palmdale asserts five claims for relief: 1) fraud; 2) fraudulent conveyance; 3) conversion and construction trust; 4) Common Counts (Account Stated and Money Had and Received); and 5) alter ego or amendment and enforcement of judgment against Calamos and Imeson.

    The essence of Palmdale's suit is that Calamos and Imeson misled Palmdale as to the financial position of both CALIM, as guarantor, and the defendants subject to the Stipulation. Specifically, Calamos and Imeson misled Palmdale as to Global VR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)                Date: January 5, 2015
Title:     Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

and the other State Court Action Defendants' ability to satisfy the judgment as well as CALIM's ability to satisfy the terms of the New Guaranty; Palmdale was misled when Calamos promised to satisfy the New Guarantee should CALIM not be able to do so; and having made these misrepresentation Calamos and Imeson delayed collection on the Loan Agreement and looted CALIM of all its assets, depriving Palmdale of any remedy.

Calamos and CALIM, together, and Imeson individually, filed motions to dismiss for failure to state a claim under Rule 12(b)(6) as well as anti-SLAPP motions under California Code of Civil Procedure section 425.16.

**Discussion**

### Fraud Claim

In their motions Defendants argue that the Court should strike the fraud claim under California's anti-SLAPP statute and that Palmdale fails to adequately state a fraud claim. In light of the serious deficiencies in Palmdale's pleadings, the Court determines that it is most appropriate to **DISMISS *without leave to amend*** Palmdale's fraud claim. Therefore, it does not address the propriety of using California's anti-SLAPP procedure which requires a more involved two-step analysis addressing whether conduct falls within the statute's scope and whether there is a likelihood of success. *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010) (holding that federal circuit court had jurisdiction to review on interlocutory appeal denial of defendant's anti-SLAPP motion).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly

---

**CIVIL MINUTES—GENERAL**                                            4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)                Date: January 5, 2015
Title:    Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).

Federal Rule of Civil Procedure 9(b) requires that "a party [alleging fraud] must state with particularity the circumstances constituting fraud." To satisfy Rule 9(b), a plaintiff must include "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id*. at 1107. As such, dismissals under Rule 9(b) and 12(b)(6) "are treated in the same manner." *Id*. at 1107-08.

Defendants argue that the statements made by Imeson in allegedly fraudulently inducing Palmdale to dismiss CALIM and file the Stipulation in exchange for the New Guaranty were made in connection with the State Court Action and are therefore protected by the litigation privilege set forth in California Civil Code section 47(b). Further, Defendants contend that Palmdale cannot show that it relied on statements promising payment allegedly made after the New Guaranty was signed, and that the fraud claims generally fail to meet the heightened pleading standard of Rule 9.

The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal.3d 205, 212, 266 Cal. Rptr. 638 (1990); *see also Rubin v. Green*, 4 Cal. 4th 1187, 1194-95, 17 Cal. Rptr. 2d 828 (1993) ("For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b).") Statements made regarding settlement are covered by the litigation privilege. *Home Ins. Co. v. Zurich Ins. Co.*, 96 Cal. App. 4th 17, 24, 116 Cal. Rptr. 2d 583 (2002) (holding that alleged misrepresentations as to extent of policy coverage to induce settlement were covered by the litigation privilege). The statements allegedly made by Imeson during the State Court Action regarding the New Guaranty meet these

**CIVIL MINUTES—GENERAL**                                                                5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)            Date: January 5, 2015
Title:    Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

requirements.  The statements were made in a judicial proceeding and fall within the privilege even if they were made outside of the courtroom.  *Asia Investment Co. v. Borowski*, 133 Cal. App. 3d 832, 842, 184 Cal. Rptr. 317 (1982) (explaining that "many portions of a 'judicial proceeding' take place outside of open court" and can fall within the litigation privilege).  The representations were allegedly made by Imeson, a principal of one of the litigants.  The purpose of the representations was to settle the case and have CALIM dismissed, a central goal of the litigation.  Finally, the representations had a close relation to the litigation in that they were directly related to settlement, CALIM's dismissal, and directly concerned the obligation that was the subject of the litigation.

In its Opposition Palmdale, however, argues that the fraud continued into 2014, well after the New Guaranty was signed and the litigation privilege ceased to apply. (Opp. at 10-11).  It seems possible to the Court that because of the later litigation filed against CALIM such statements may also be covered by the litigation privilege. However, more problematic for Palmdale is that the SAC fails to state a claim for fraud on the basis of these statements as they came *after* CALIM had signed the New Guaranty.  Palmdale therefore cannot, and does not, allege any detrimental reliance on the basis of these alleged misrepresentations.  *See*, 5 B.E. Witkin, *Summary of California Law* § 808 (10th ed. 2005) ("Thus, it must appear that the representation was an immediate cause of his conduct which alters his legal relations, and that without such representation, he would not, in all reasonable probability, have entered into the contract or other transaction.") (quotations omitted).  Therefore, Palmdale fails to adequately state a claim for relief for fraud against Imeson, Calamos or CALIM because it fails to allege a necessary element of such a claim.

Palmdale also generally fails to meet the requirements of Rule 9.  Palmdale's allegations against Imeson are general in nature and do not contain the requisite "who, what, when, where, and how" of the fraud.  *Vess*, 317 F.3d at 1106.  Specifically no dates are given and no explanation is given as to how the alleged representations that CALIM will pay back the loan represent a fraud beyond a basic contractual agreement. Further, Palmdale makes no allegations that Calamos himself made any

---

**CIVIL MINUTES—GENERAL**                                                              6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)             Date: January 5, 2015
Title:    Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

misrepresentations, and instead asserts that he and CALIM are jointly and severally liable as co-conspirators. However, because Palmdale fails to assert a fraud claim generally, there can be no liability on the part of CALIM and Calamos.

At the hearing Palmdale argued that its allegations of fraud go well beyond the statements leading up to the signing of the New Guaranty and those made thereafter, and the essence of its complaint is the fraud committed at the origination of the loan in 2007. However, the Court does not see how the SAC could conceivably be stretched to include such claims, and certainly the SAC does not plead such a fraud claim with the specificity required by Rule 9.

Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss Palmdale's first claim for relief for fraud.

Ordinarily, the Court would grant Palmdale an opportunity to amend its complaint to attempt to satisfy Rule 9(b) inregard to the alleged statements made to induce the loan originally. However, the Court will not do so here. *First*, the SAC represents Palmdale's third attempt to state a fraud claim and it remains unable to do so. *Second*, there appear to be significant substantive problems with the fraud claim it seeks to state. Apart from the litigation privilege and reliance issues discussed above, claims of even earlier misrepresentations are almost certainly precluded by California's three-year statute of limitations for claims of fraud, especially given Palmdale's numerous previous litigations on the same Agreement and guarantees with CALIM. Palmdale has also failed to allege how any representations by Defendants change its claim against CALIM from a contract claim to one sounding in tort. As such, the Court views any further amendment as futile. The Motions are therefore granted ***without leave to amend***.

### Request for Attorney's Fees

Defendants requested attorney's fees for their anti-SLAPP motion under California Code of Civil Procedure section 425.16(c)(1). However, because the Court dismisses Palmdale's fraud claim under Federal Rules of Civil Procedure 9 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-14-7523-MWF (PLAx)           **Date:** January 5, 2015
**Title:**     Palmdale 3D, LLC -*v*- John P Calamos, Sr., et al.

12(b)(6), it did not address the adequacy of the claim under California anti-SLAPP motion and so declines to award Defendants attorney's fees.

### Fraudulent Conveyance

In the SAC, Palmdale alleges that CALIM's transfer of various monies to Calamos and Imeson between January 2011 and December 2013 amounted to fraudulent transfers in violation of California Civil Code section 3439.04.  (SAC ¶ 22).

California Civil Code section 3439.04 states that:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

1. With actual intent to hinder, delay, or defraud any creditor of the debtor.

Palmdale alleges that the payments by CALIM were made with the purpose of avoiding having to make payments to Palmdale.  The debtor's intent is the crucial aspect of a fraudulent conveyance claim.  *In re Liquimatic Systems, Inc.*, 194 F. Supp. 625, 628 (S.D.Cal. 1961) (holding that a claim for fraudulent conveyance is dependent on intent to defraud and not insolvency at the time of the transfer).  California Civil Code section 3439.04 identifies a number of factors that may be considered indicative of fraudulent transfers:

1. Whether the transfer or obligation was to an insider.
2. Whether the debtor retained possession or control of the property transferred after the transfer.
3. Whether the transfer or obligation was disclosed or concealed.
4. Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)                Date: January 5, 2015
Title:    Palmdale 3D, LLC -*v*- John P Calamos, Sr., et al.

5. Whether the transfer was of substantially all the debtor's assets.

6. Whether the debtor absconded.

7. Whether the debtor removed or concealed assets.

8. Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

9. Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

10. Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

11. Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b).

Palmdale alleges a number of badges of fraud in its SAC. Specifically, that the transfers happened shortly after the New Guaranty was signed (SAC ¶ 22); that the recipients, Calamos and Imeson, were insiders as the sole owners, and controlling members of CALIM (*Id.*); and the transfers were of substantially all the debtor's assets (SAC ¶ 25). When taken as true, these allegations plausibly establish that CALIM transferred its only assets to Calamos and Imeson for the purpose of avoiding having to satisfy the New Guaranty, and therefore they state a claim for fraudulent conveyance by Palmdale. As recipients of allegedly fraudulent transfers, Imeson and Calamos are not entitled to be dismissed. *See Diamond Heights Village Ass'n, Inc. v. Financial Freedom Senior Funding Corp.*, 196 Cal. App. 4th 290, 304, 126 Cal. Rptr. 3d 673 (2011) (holding that where plaintiff seeks to have a transfer declared void as fraudulent the transferee is a necessary party to the action).

Accordingly, the Court **DENIES** Defendants' Motions to Dismiss as to Palmdale's second claim for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)                Date: January 5, 2015
Title:     Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

### Conversion

Palmdale's third claim is for conversion.  (SAC ¶¶ 27-34).  To state a claim for conversion, a plaintiff must have a right to the property at the time of its conversion. *Moore v. Regents of Univ. of Calif.*, 51 Cal. 3d 120, 136, 271 Cal. Rptr. 146 (1990) (holding that patient had no interest in cells when alleged conversion took place).  Palmdale argues that, having received a judgment against CALIM, it was entitled to the property held by CALIM.  However, Palmdale had neither possession nor title to the money held by CALIM that Palmdale asserts should have been paid pursuant to the New Guaranty.

An action for conversion may also be asserted where the plaintiff has a special right to immediate possession.  *Pope v. Nat'l Aero Fin. Co.*, 236 Cal. App. 2d 722, 731, 46 Cal. Rptr. 233 (1965) (holding that plaintiffs did not have right to possession of aircraft to sustain conversion claim where they did not receive documents of title to the aircraft or any certificates of stock in the club and never requested any).  Palmdale makes no allegation of a right to immediate possession of any property held by CALIM, and indeed cannot do so.  It therefore cannot state a claim for conversion.

Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss as to Palmdale's conversion claim.

### Common Counts

Palmdale's fourth claim for relief is for two of the common counts, namely, for an account stated and money had and received.  (SAC ¶¶ 35-38).

"A cause of action is stated for money had and received if the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff."  *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623, 33 Cal. Rptr. 2d 276 (1994), as modified on denial of reh'g (Sept. 29, 1994) (citations omitted) (holding that common count is available for recovery of money paid under contract void for illegality).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)				Date: January 5, 2015
Title:	Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

Imeson and Calamos argue in their Motions that because there is no judgment against them, and no other transfer between them and Palmdale, there can be no account stated against them by Palmdale, nor can Palmdale adequately allege that there is an amount owed and due by Imeson and Calamos.  Because the judgment and New Guaranty do not involve or include Imeson or Calamos, Palmdale cannot assert any common counts against them.

As to the common counts against CALIM, the Court is uncertain of the purpose of these claims given that Palmdale already has a judgment against CALIM on what amounts to an identical basis.  A judgment on either of the common counts against CALIM seeks to improperly enforce an obligation for which a remedy has already been granted. *See Diamond Heights Village Ass'n,* 196 Cal. App. 4th at 301-02 ("a claim presented and reduced to judgment merges with the judgment and is thereby superseded. The claimant's remedy thereafter is to enforce the judgment; he may not reassert the claim . . . the judgment extinguishes the contractual rights and remedies previously extant, substituting in their place only such rights as attach to a judgment").

Accordingly, the Court **GRANTS** Defendants' Motions as to the common counts against Imeson and Calamos as well as against CALIM.

### Alter Ego

Palmdale also asserts a claim of alter ego against Defendants.  Alter ego is not a claim for relief.  It is not precisely clear what Palmdale wants here.  Palmdale appears to seek to amend the default judgment obtained against CALIM to add Calamos and Imeson on the basis that CALIM is an alter ego of the two individual Defendants.  On its face, that relief is beyond the jurisdiction of this Court.  This Court cannot amend a judgment of the Los Angeles Superior Court.  That relief should be sought from the Superior Court, although it seems that any such request would be futile.  A California court may not add alleged alter ego defendants to a default judgment where they were not named in the original action.  *Motores De Mexicali, S.A. v. Superior Court*, 51 Cal. 2d 172, 176, 331 P.2d 1 (1958) (holding that it violates due process to add non-named defendants to default judgment where they were not named in original action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-7523-MWF (PLAx)          Date: January 5, 2015
Title:     Palmdale 3D, LLC -v- John P Calamos, Sr., et al.

Palmdale acknowledges the authority of *Motores*, but cites to *Blackburn Truck Lines Inv. v. Francis*, 723 F.2d 730 (9th Cir. 1984), for the proposition that where fraud is alleged an alter ego theory may be used to collect on a default judgment against non-named parties.  This Court agrees with Defendants, but it all seems beside the point because this Court under no circumstances would attempt to amend the judgment of the California courts.  In contrast, the district court in *Blackburn* had jurisdiction over both suits and the later suit (involving the alter ego allegation) could be viewed as a continuation of both suits.

To the extent that Palmdale is simply arguing that Calamos or Imeson are liable for some action of CALIM, then that is not a claim for relief.  Moreover, it appears here that Calamos or Imeson personally committed the acts that are the gravamen of this action.  There is no legal basis – and more importantly, no practical purpose – for the fifth claim for relief.

Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss as to Palmdale's fifth claim for relief.  However, this decision is without prejudice to Palmdale asserting the liability of Imeson and Calamos for fraudulent conveyance based on an alter ego theory.

**Conclusion**

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Defendants' Motions.

The Court **GRANTS** Defendants' Motions to Dismiss Palmdale's fraud claim as to any alleged misrepresentations.  The Court does so ***without leave to amend***.

The Court **DENIES** the Anti-SLAAP Motions to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-14-7523-MWF (PLAx)          **Date: January 5, 2015**
**Title:**     Palmdale 3D, LLC -*v*- John P Calamos, Sr., et al.

     The Court **DENIES** Defendants' Motions to Dismiss Palmdale's fraudulent conveyance claim. Defendants shall file Answers by **January 19, 2015**.

     The Court **GRANTS** Defendants' Motions to Dismiss as to Palmdale's remaining claims for conversion, common counts, and for alter ego liability. The Court does so *without leave to amend*.

     IT IS SO ORDERED.